UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMERICAN INSTITUTE OF PHYSICS,           :
AND JOHN WILEY & SONS, INC.,
                                          :
                            Plaintiffs,
                                          :
            -against-
                                          :
SCHWEGMAN, LUNDBERG & WOESSNER,
P.A. AND JOHN DOE NOS. 1-10,             :

                            Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

Plaintiffs American Institute of Physics ("AIP"), and John Wiley & Sons, Inc. ("Wiley"), for their complaint against defendants Schwegman, Lundberg & Woessner, P.A. ("Schwegman") and John Doe Nos. 1-10, aver:

### Nature of the Action

1.    This is an action for copyright infringement. It arises from the unauthorized copying and/or distribution of plaintiffs' copyrighted works by a law firm, and its professionals, in connection with their filing and prosecution of patent applications, so that defendants and their clients may reap a profit.

### Jurisdiction and Venue

2.    This Court has subject matter jurisdiction over the claim in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Copyright Act, 17 U.S.C. § 101 et seq.

3.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

## Parties

4. AIP is a New York not-for-profit corporation with its principal place of business in Melville, New York.

5. Wiley is Delaware corporation with its principal place of business in Hoboken, New Jersey.

6. Upon information and belief, Schwegman is a law firm with its principal place of business in Minneapolis, Minnesota.

7. Defendants John Doe Nos. 1-10 are partners, associates or other employees of Schwegman, whose identities are not currently known to plaintiffs.

## The Business of Plaintiffs

8. Plaintiffs publish many of the world's leading scientific, technology and medical journals.

9. Plaintiffs' journals consist primarily of peer-reviewed articles, written by one or more scholars, often based upon original research.

10. Plaintiffs invest heavily in publishing their journals. Plaintiffs incur substantial costs for copyediting, proofreading, typesetting, printing, binding, distributing and marketing their journals, as well as administering the peer-review process that is integral to the publication of those works, and the progress of science.

11. Each plaintiff ordinarily requires its authors to assign or exclusively license to it the copyright in each article accepted for publication in one of its journals. This practice enables each plaintiff to maximize the dissemination of each work. Plaintiffs routinely register their copyrights in their journals published in the United States.

12. Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted journals both through (a) subscriptions to, and the sale of individual issues of, those journals, and (b) the licensing of the rights that the copyright law provides with respect to the content of those journals. Consistent with the purpose of Article 1, Section 8, Clause 8, of the Constitution of the United States, this revenue provides an incentive for creative expression. Plaintiffs would suffer serious financial injury if the copyrights in those journals were not enforced. A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving journals. This would adversely impact the creation of new works, scholarly endeavor and, ultimately, scientific progress.

## The Unlawful Acts of Defendants

13. Schwegman is engaged in the practice of law. According to its website, Schwegman "specializes in strategic patent portfolio planning and management, infringement, validity and clearance investigations, opinions and all phases of intellectual property prosecution practice." Among other things, Schwegman files and prosecutes United States patent applications on behalf of its clients. In addition to practicing patent law, Schwegman holds itself out as practicing copyright law.

14. In connection with researching, filing and prosecuting certain patent applications, Schwegman made and/or distributed to the United States Patent and Trademark Office ("PTO"), and perhaps others, unauthorized copies of copyrighted articles from plaintiffs' journals, including but not limited to those identified on Schedule A. Such unauthorized copies were used for the commercial benefit of defendants and their clients.

15. Upon information and belief, defendants made (a) additional copies of the copyrighted works that defendants included or cited in their patent applications to the PTO,

including those identified on Schedule A, and (b) copies of plaintiffs' copyrighted works that defendants considered in connection with those applications, but did not ultimately cite or provide to the PTO. Plaintiffs cannot know the full extent of defendants' copying without discovery. Apart from the copying of plaintiffs' works accompanying the patent filings described above, this internal copying infringes plaintiffs' copyrights.

CLAIM FOR RELIEF
(Copyright Infringement – 17 U.S.C. § 501)

16. Plaintiffs repeat the averments contained in paragraphs 1 through 15 as if set forth in full.

17. Plaintiffs either own the copyrights in the articles contained in the journals they publish or, alternatively, exclusively license those copyrights ("Plaintiffs' Copyrights").

18. Defendants have infringed certain of the Plaintiffs' Copyrights, including, but not limited to, the registered copyrights in the articles listed on Schedule A by making unauthorized copies of them for internal use, and for distribution outside of Schwegman.

19. This mere multiplication of copies for the for-profit business purposes of defendants is not privileged under the law.

20. Defendants are prosecuting patents for the profit of themselves and their clients and are using Plaintiffs' Copyrights as part of that profit-making activity without due compensation to plaintiffs. Upon information and belief, Schwegman has charged its clients for the copies it has made of plaintiffs copyrighted works, and thereby made a direct profit as a result of its infringement.

21. Defendants have copied and/or distributed the copyrighted articles in their entirety.

22. Plaintiffs publish, sell and distribute journals, and license the copyrighted content contained in them, for precisely these types of use. Plaintiffs are ready, willing and able to provide defendants with licenses for their use either directly, through their licensing agents, or otherwise. Nevertheless, defendants have not acquired any of the licenses necessary to make their copying and distribution of plaintiffs' copyrighted articles lawful.

23. The acts of defendants complained of herein have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, attorneys, and all persons acting in concert with them, from infringing the Plaintiffs' Copyrights.

24. Defendants have willfully infringed the Plaintiffs' Copyrights.

25. Plaintiffs are entitled to recover damages sustained as a result of defendants' unlawful conduct, including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively, at plaintiffs' election, (3) statutory damages.

WHEREFORE, plaintiffs respectfully request that this Court enter judgment:

A. Preliminarily and permanently enjoining defendants, their agents, servants, employees, attorneys, and all those acting in concert with them, from infringing the Plaintiffs' Copyrights;

B. Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' infringement of the Plaintiffs' Copyrights;

C. Awarding plaintiffs their costs and reasonable attorneys' fees in this action; and

D. Awarding plaintiffs such other and further relief as the Court deems just and proper.

Dated: February 29, 2012

                MANTY & ASSOCIATES, P.A.

                By: /e/ Timothy J. Pramas
                Timothy J. Pramas (#240321)
                Michelle K. Dove (#33232X)
                510 First Avenue North, Suite 305
                Minneapolis, MN 55403
                (612) 340-7950

Dunnegan & Scileppi LLC
350 Fifth Avenue
New York, New York 10118,

        Of Counsel.

Schedule A

<u>AIP</u>

McDonald S., et al., "Photoconductivity from PbS- nanocrystal/ semiconducting polymer composites for solution-processible, quantum-size tunable infrared photodetectors," Applied Physics Letters, vol. 85, No. 11, XP012062554, ISSN: 0003-6951, pp. 2089-2091, (Sep. 13, 2004), that is a subject of U.S. Certificate of Copyright Registration No. TX 6-053-544, registered on September 30, 2004.

<u>Wiley</u>

Greenwald, et al., "Polymer-Polymer Rectifying Heterojunction Based on Poly(3,4-dicyanothiophene) and MEH-PPV," J. Polym. Sci. A: Polym. Chem., vol. 36:17, pp. 3115-3120, (1998) that is a subject of U.S. Certificate of Copyright Registration No. TX 4-822-483, registered on January 8, 1999.