UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 12-CV-00528 (RHK/JJK)

| | |
|---|---|
| AMERICAN INSTITUTE OF PHYSICS, and JOHN WILEY & SONS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>SCHWEGMAN, LUNDBERG & WOESSNER, P.A. AND JOHN DOE NOS. 1-10,<br><br>Defendants,<br><br>and<br><br>THE UNITED STATES PATENT AND TRADEMARK OFFICE,<br><br>Intervening Defendant. | **ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM OF INTERVENING DEFENDANT THE UNITED STATES PATENT AND TRADEMARK OFFICE** |

The United States Patent and Trademark Office ("USPTO"), by and through B. Todd Jones, United States Attorney for the District of Minnesota, and Friedrich A. P. Siekert, Assistant U. S. Attorney, answers the amended complaint as follows:

**First Defense**

The copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Schwegman constitutes a fair

use of such copyrighted works under 17 U.S.C. § 107, and therefore is not an infringement of copyright.

## Second Defense

Answering the specific allegations of the amended complaint, the USPTO admits, denies or otherwise avers as follows:

## Nature of the Action

1.  **Amended Complaint:** This is an action for copyright infringement. It arises from the unauthorized copying and/or distribution of Plaintiffs' copyrighted works by a law firm, and its professionals, in connection with their scientific, technical and medical research on behalf of themselves and their clients, so that both may reap a profit ("Unauthorized Copying"). This amended complaint does not aver that the Unauthorized Copying includes (i) making such copies of a copyrighted work for submission to the PTO as may be required by the rules and regulations of the PTO, (ii) transmitting such copies to the PTO, or (iii) making one archival copy of that work transmitted to the PTO for Defendants' internal file to document what has been transmitted.

**Answer:** The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

## Jurisdiction and Venue

2.  **Amended Complaint:** This Court has subject matter jurisdiction over the claim in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Copyright Act, 17 U.S.C. § 101 et seq.

**Answer:**  The allegations in paragraph 2 pertain to subject matter jurisdiction to which no answer is required; however, to the extent that an answer is deemed required, USPTO states that it appears that the Court has subject matter jurisdiction over the claim asserted, but reserves the right to raise any issue as to subject matter jurisdiction should an issue become apparent.

3. **Amended Complaint:**  Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

**Answer:**  The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

## Parties

4. **Amended Complaint:**  AIP is a New York not-for-profit corporation with its principal place of business in Melville, New York.

**Answer:**  The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

5. **Amended Complaint:**  Plaintiff John Wiley & Sons, Inc. is a New York corporation with its principal place of business in Hoboken, New Jersey. It is the indirect parent corporation of Plaintiff Wiley Periodicals, Inc., a Delaware corporation with its principal place of business in Hoboken, New Jersey.

**Answer:**  The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

6. **Amended Complaint:**  Schwegman is a law firm with its principal place of business in Minneapolis, Minnesota.

**Answer:**  The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

7. **Amended Complaint:**  Defendants John Doe Nos. 1-10 are partners, associates or other employees of Schwegman, whose identities are not currently known to Plaintiffs.

**Answer:**  The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

## The Business of Plaintiffs

8. **Amended Complaint:**  Plaintiffs publish many of the world's leading scientific, technology and medical journals.

**Answer:**  The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

9. **Amended Complaint:**  Plaintiffs' journals consist primarily of peer-reviewed articles, written by one or more scholars, often based upon original research.

**Answer:**  The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

10. **Amended Complaint:**  Plaintiffs invest heavily in publishing their journals. Plaintiffs incur substantial costs for copyediting, proofreading, typesetting, printing, binding, distributing and marketing their journals, as well as administering the peer-review process that is integral to the publication of those works, and the progress of science.

**Answer:**  The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

11. **Amended Complaint:** Each Plaintiff ordinarily requires its authors to assign or exclusively license to it the copyright in each article accepted for publication in one of its journals. This practice enables each Plaintiff to maximize the dissemination of each work. Plaintiffs routinely register their copyrights in their journals published in the United States.

   **Answer:** The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

12. **Amended Complaint:** Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted journals both through (a) the sale subscriptions to, and individual issues of, those journals, and (b) the licensing of the rights that the copyright law provides with respect to the content of those journals. Consistent with the purpose of Article 1, Section 8, Clause 8, of the Constitution of the United States, this revenue provides an incentive for creative expression. Plaintiffs would suffer serious financial injury if the copyrights in those journals were not enforced. A substantial decline in their income could cause Plaintiffs to cease publishing one or more deserving journals. This would adversely impact the creation of new works, scholarly endeavor and, ultimately, scientific progress.

   **Answer:** The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

## The Unlawful Acts of Defendants

13. **Amended Complaint:** Schwegman is engaged in the practice of law. According to its website, Schwegman "specializes in strategic patent portfolio planning and management, infringement, validity and clearance investigations, opinions and all

phases of intellectual property prosecution practice." Among other things, Schwegman files and prosecutes United States patent applications on behalf of its clients. In addition to practicing patent law, Schwegman holds itself out as practicing copyright law.

    **Answer:**  The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

14. **Amended Complaint:**  Upon information and belief, Defendants have engaged in Unauthorized Copying with respect to copyrighted articles from Plaintiffs' journals, including but not limited to the articles identified on Schedule A.

    **Answer:**  The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

15. **Amended Complaint:**  Plaintiffs cannot know the full extent of Defendants' Unauthorized Copying without discovery.

    **Answer:**  The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

16. **Amended Complaint:**  The Unauthorized Copying is for the commercial benefit of Defendants and their clients.

    **Answer:**  The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

**<u>Claim for Relief</u>**

**<u>(Copyright Infringement – 17 U.S.C. § 501)</u>**

17. **Amended Complaint:**  Plaintiffs repeat the averments contained in paragraphs 1 through 16 as if set forth in full.

**Answer:**  The USPTO repeats and re-alleges its answers to paragraphs 1 – 16 above as if fully set forth herein.

18. **Amended Complaint:**  Plaintiffs either own the copyrights in the articles contained in the journals they publish or, alternatively, exclusively license those copyrights ("Plaintiffs' Copyrights").

**Answer:**  The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

19. **Amended Complaint:**  Defendants have infringed certain of the Plaintiffs' Copyrights, including, but not limited to, the registered copyrights in the articles listed on Schedule A by engaging in Unauthorized Copying.

**Answer:**  The USPTO denies that the copying of copyrighted non-patent literature ("NPL") and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers and/or their representatives, such as defendant Schwegman, infringes any United States Copyrights in such NPL.  The USPTO lacks knowledge or information sufficient to form a belief about the truth of the balance of this allegation.

20. **Amended Complaint:**  This Unauthorized Copying for the for-profit business purposes of Defendants is not privileged under the law.

**Answer:** The USPTO denies that the copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Schwegman, infringes any United States Copyrights in such NPL.  The USPTO lacks knowledge or information sufficient to form a belief about the truth of the balance of this allegation.

21. **Amended Complaint:** Defendants are conducting research for the profit of themselves and their clients and are engaging in Unauthorized Copying of Plaintiffs' Copyrights as part of that profit-making activity without due compensation to Plaintiffs. Upon information and belief, Schwegman has charged its clients for its Unauthorized Copying, and thereby made a direct profit as a result of its infringement.

**Answer:** The USPTO denies that the copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Schwegman, infringes any United States Copyrights in such NPL.  The

USPTO lacks knowledge or information sufficient to form a belief about the truth of the balance of this allegation.

22. **Amended Complaint:**   The Unauthorized Copying involved the copying and/or distribution of the copyrighted articles in their entirety.

   **Answer:**   The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

23. **Amended Complaint:**   Plaintiffs publish, sell and distribute journals, and license the copyrighted content contained in them, for precisely these types of use. Plaintiffs are ready, willing and able to provide Defendants with licenses for their use either directly, through their licensing agents. Nevertheless, Defendants have not acquired any of the licenses necessary to make their Unauthorized Copying lawful.

   **Answer:**   The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation.

24. **Amended Complaint:**   The Unauthorized Copying complained of herein has irreparably damaged and, unless enjoined, will continue to irreparably damage the Plaintiffs. Plaintiffs have no adequate remedy at law for the injury resulting from this Unauthorized Copying. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, employees, attorneys, and all persons acting in concert with them, from engaging in Unauthorized Copying.

   **Answer:**   The USPTO denies that the copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the

filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Schwegman, infringes any United States Copyrights in such NPL, has wronged, injured, or damaged any United States Copyright holder, or should be enjoined. The USPTO lacks knowledge or information sufficient to form a belief about the truth of the balance of this allegation.

25. **Amended Complaint:**   Defendants have willfully infringed the Plaintiffs' Copyrights.

    **Answer:**   The USPTO denies that the copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Schwegman, infringes any United States Copyrights in such NPL or results in any compensation due any United States Copyright holder.  The USPTO lacks knowledge or information sufficient to form a belief about the truth of the balance of this allegation.

26. **Amended Complaint:** Plaintiffs are entitled to recover damages sustained as a result of Defendants' Unauthorized Copying, including (1) Defendants' profits, or (2) Plaintiffs' damages, or alternatively, at plaintiffs' election, (3) statutory damages.

**Answer:** The USPTO denies that the copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Schwegman, infringes any United States Copyrights in such NPL or results in any compensation due any United States Copyright holder.  The USPTO lacks knowledge or information sufficient to form a belief about the truth of the balance of this allegation.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Intervening defendant and counterclaim plaintiff USPTO hereby counterclaims for a declaratory judgment of non-infringement of copyright as to the copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendjant Schwegman, for purposes of (1) the filing and

prosecution of a U.S. patent application, and (2) the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent.  In support, the USPTO alleges as follows:

**Parties**

1.  Counterclaim plaintiff is the United States Patent and Trademark Office.

2.  On information and belief derived from the allegations in the Amended Complaint in this matter, counterclaim defendant American Institute of Physics is a New York not-for-profit corporation with its principal place of business in Melville, NY.

3.  On information and belief derived from the allegations in the Amended Complaint in this matter, counterclaim defendant John Wiley & Sons, Inc., is a New York corporation with its principal place of business in Hoboken, New Jersey. It is the indirect parent corporation of Plaintiff Wiley Periodicals, Inc., a Delaware corporation with its principal place of business in Hoboken, New Jersey.

**Jurisdiction and Venue**

4.  This is a counterclaim for a declaratory judgment pursuant to the Declaratory Judgment Act.  Subject matter jurisdiction over this counterclaim is based upon 28 U.S.C. §§ 1331, 1338, 1345, and 2201(a).

5.  Personal jurisdiction and venue are proper in this judicial district under 28 U.S.C. §§ 1391, 1400, and 1402.

**Allegations**

6. Article I, Section 8 of the United States Constitution provides, in pertinent part, that "Congress shall have the Power . . . To promote the Progress of Science and the useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries."

7. Pursuant to this constitutional grant of authority, Congress enacted the Patent Act, 35 U.S.C. § 100 *et seq.*

8. Section 101 of the Patent Act provides that "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefore, subject to the conditions and requirements of this title."

9. Section 102 of the Patent Act further provides that "A person *shall* be entitled to a patent *unless*—(a) the invention was known or used by others in this country, or patented *or described in a printed publication* in this or a foreign country, before the invention thereof by the applicant for patent, or (b) the invention was patented *or described in a printed publication* in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States . . . ." (Emphases added).

10. Section 103(a) of the Patent Act further provides that "A patent may not be obtained . . . if the differences between the subject matter sought to be patented and the *prior art* are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." (emphasis added)

11. Pursuant to the authority granted it in 35 U.S.C. § 2(b)(2), the USPTO promulgated regulations governing the conduct of proceedings before it. These regulations appear in Title 37 of the United States Code of Federal Regulations.

12. In order for the USPTO to determine whether patent applications comply with the statutory directives in 35 U.S.C. §§ 102 and 103(a), the USPTO promulgated a regulation, set forth at 37 C.F.R. § 1.56, which imposes upon patent applicants a duty to disclose information material to patentability. This regulation provides, in pertinent part:

> (a) A patent by its very nature is affected with a public interest. *The public interest is best served*, and the most effective patent examination occurs when, at the time an application is being examined, *the Office is aware of and evaluates the teachings of all information material to patentability*. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a *duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section*. . . . The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98. . . . The Office encourages applicants to carefully examine:
>
> . . . (2) The closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office. (Emphases added)

13. 37 C.F.R. § 1.51 encourages patent applicants to file "an information disclosure statement" (IDS) along with the application. The IDS lists all publications the applicant believes should be submitted for consideration in order to fulfill the duty of candor in § 1.56. Under 37 C.F.R. § 1.98, the applicant is required to include with the

IDS a copy of each such publication listed in the IDS, along with a concise explanation of its relevance to the patentability of the alleged invention.

14. To ensure that issued patents are enforceable only to the extent justified by the state of the prior art when they issued, 35 U.S.C. § 301 permits "any person" to submit potentially material prior art printed publications for inclusion in the patent file.

15. To further the effectiveness of the USPTO's ability to determine the merit of patent applications, a newly enacted provision of the America Invents Act, codified at 35 U.S.C. § 122(e), permits any third party to submit to the USPTO printed publications "of potential relevance to the examination of the application."

16. To the same effect, 37 C.F.R. § 1.99 also permits members of the public to submit publications relevant to a pending published patent application.

17. In addition to facilitating the applicant's fulfillment of the duty of candor, submission of relevant publications also facilitates the USPTO patent examiner's obligation, set forth in 37 C.F.R. § 1.104, to "make a thorough examination of the available prior art relating to the subject matter of the claimed invention."

18. All of these statutory enactments and duly promulgated regulations exist to faithfully implement the Constitution's directive to Congress "[t]o promote the Progress of Science and the useful Arts" by ensuring that inventors have exclusive, limited-in-time rights in their discoveries.

19. When a patent attorney, in the course of representing a patent applicant, submits a copy or copies of a "printed publication" (for purposes of permitting the patent examiner to evaluate patentability under 35 U.S.C. § 102) or a publication in the "prior art" (for purposes of permitting the patent examiner to evaluate patentability under 35 U.S.C. § 103(a)) by submitting it in an IDS or at another time during the patent examination process, the patent attorney is doing so because of the requirements of the

United States Code, the United States Code of Federal Regulations, and his or her oath of office as a member of the bar of the USPTO.

20. While the issuance of a U.S. Patent may or may not, depending on the desire of the inventor or the inventor's assignee, present the holder with the ability to seek a profit through enforcement of the patent, it primarily and more directly serves a Constitutionally enshrined example of the public interest in "promot[ing] the Progress of Science and the useful Arts."

21. Copyrighted printed publications are submitted to and reviewed by the USPTO for the purpose of permitting the USPTO to compare the alleged invention with the state of the existing art at the time of the alleged invention in order to determine whether a patent applicant has invented or discovered something "new and useful" as required by statute, and not to publicize or take credit for the author's research or hypothesis.

22. The copyrighted printed publications submitted to the USPTO in the discharge of the above-described obligations thus are submitted solely for their ideas and factual content, and not for any expressive content.

23. The USPTO's assessment of material and potentially relevant prior art printed publications has been part of the patent examination process since the Patent Act of 1836 conditioned the granting of patents only if the alleged invention was not previously "described in any printed publication." Yet the USPTO is unaware of the filing of any lawsuit challenging the copying and submission of copyrighted NPL prior to this year.

24. The copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating

to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Schwegman, constitutes a fair use of such copyrighted works under 17 U.S.C. § 107, and therefore is not an infringement of copyright.

## PRAYER FOR RELIEF

WHEREFORE, The USPTO prays that the Court enter judgment in favor of defendants and against plaintiffs as follows:

A.   That the Court declare, pursuant to 17 U.S.C. § 107 and 28 U.S.C. § 2201, that the copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Schwegman, constitutes a fair use of such copyrighted works under 17 U.S.C. § 107, and therefore is not an infringement of copyright.

B.   That the Court dismiss plaintiffs' claims with prejudice;

C.   That the Court award defendants their reasonable attorney's fees as part of the costs; and

D.   That the Court award the defendants such other or further relief that the Court deems just.

Date: November 13, 2012     Respectfully submitted,

B. TODD JONES
United States Attorney

s/ Friedrich A.P. Siekert

BY: FRIEDRICH A. P. SIEKERT
Assistant United States Attorney
Attorney ID No.: 142013
600 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415
(612) 664-5600
fred.siekert@usdoj.gov

JOHN FARGO
Director, Intellectual Property Staff
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
(202) 514-7223
john.fargo@usdoj.gov

BERNARD J. KNIGHT, JR.
General Counsel
RAYMOND T. CHEN
Solicitor
THOMAS W. KRAUSE
THOMAS L. CASAGRANDE
BENJAMIN T. HICKMAN
Associate Solicitors
United States Patent and Trademark Office
Madison Building East, Room 10B20
600 Dulany Street
Alexandria, Virginia 22314