UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMERICAN INSTITUTE OF PHYSICS,          :
WILEY PERIODICALS, INC. AND
JOHN WILEY & SONS, INC.,                :

                          Plaintiffs,          :

                -against-          :          12 Civ. 528 (RHK-JJK)

SCHWEGMAN, LUNDBERG & WOESSNER,          :
P.A. AND JOHN DOE NOS. 1-10,

                         :

                 Defendants,          :

                        :

                -and-          :

THE UNITED STATES PATENT AND
TRADEMARK OFFICE,                        :

             Intervening Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANUM OF PLAINTIFFS IN SUPPORT OF THEIR MOTION FOR DISCOVERY RELIEF

MANTY & ASSOCIATES, P.A.                  DUNNEGAN & SCILEPPI LLC
510 First Avenue North, Suite 305         350 Fifth Avenue
Minneapolis, MN 55403                     New York, New York 10118
(612) 340-7950                            (212) 332-8300

Attorneys for Plaintiffs

Plaintiffs American Institute of Physics, Wiley Periodicals, Inc. and John Wiley & Sons, Inc. (collectively, the "Publishers") respectfully submit this memorandum in support of their motion to:

(i)     Strike the expert report of Douglas Lichtman dated March 22, 2013, because Schwegman failed to serve it in compliance with the deadlines set forth in the July 13, 2012, scheduling order of the Court; and

(ii)    Preclude Schwegman from offering any evidence at trial within the scope of the topics set forth in the Rule 30(b)(6) deposition of InVisage Technologies, Inc. ("InVisage") because Schwegman refused to produce InVisage for deposition in compliance with the March 5, 2013, order of the Court.

<u>Argument</u>

I.

THE COURT SHOULD STRIKE THE EXPERT REPORT OF DOUGLAS LICHTMAN BECAUSE SCHWEGMAN DID NOT SERVE IT IN COMPLIANCE WITH THE COURT'S JULY 13, 2012, ORDER

The Court's July 13, 2012, scheduling order set five distinct deadlines for the completion of expert discovery.  (Dkt. 30)  First, the parties had to identify affirmative experts by December 1, 2012. (<u>Id</u>. ¶ 7)  Second, the parties had to provide the report of affirmative experts by December 15, 2012. (<u>Id</u>. ¶ 7)  Third,

the parties had to designate rebuttal experts by January 3, 2013. (Id. ¶ 7)   Fourth, the parties had to submit rebuttal expert reports by January 15, 2013.  (Id. ¶ 7) Fifth, the parties had to complete expert discovery by February 15, 2013. (Id. ¶ 8)

Schwegman did not comply with any of these deadlines with respect to Mr. Lichtman.  Schwegman failed to identify Mr. Lichtman as an affirmative expert by the December 1, 2012, deadline.  Schwegman failed to provide the expert report of Mr. Lichtman by the December 15, 2012, deadline.  While Schwegman, in an e-mail on January 3, 2013, identified Mr. Lichtman as a potential expert to rebut the Publishers' expert Randall H. Victora, Ph.D.,  Mr. Lichtman's report, has nothing to do with Dr. Victora's testimony.   A copy of the January 3, 2013, e-mail is annexed to the Declaration of William Dunnegan as Exhibit A; a copy of Dr. Victora's report is annexed as Exhibit B; a copy of Mr. Lichtman's report is annexed as Exhibit C.   Rather, Schwegman is attempting to use Mr. Lichtman has an affirmative expert, but submitted his report more than three months after the December 15, 2012, deadline set in the July 13, 2012, order.

The Court should strike the report as untimely unless Schwegman can demonstrate excusable neglect for failing to comply with the deadlines set forth in the July 13, 2012, order.  See Fed. R. Civ. P. 6(b)(1)(B).

Schwegman, predictably, attempts to excuse its failure to comply with the December 15, 2012, deadline for submitting expert reports by blaming the Publishers.  The Lichtman report provides:

> "17.  That said, two case-specific disclosures warrant special mention, because these specific documents were disclosed by Plaintiffs only recently and yet they have pervasive implications for my analysis. <u>The first is a disclosure entitled, "Further Supplemental Response of Plaintiffs to Interrogatory 1 -- First Set -- of Defendant Schwegman, Lundberg & Woessner," which was signed on March 7, 2013</u> and presumably given to Defendants on that day.  In this document, Plaintiffs for the first time fully enumerate the list of copyright infringements that they believe to be actionable in this case. Prior to this document, Plaintiffs had vaguely indicated that Defendants had engaged in infringing activity, and Plaintiffs had given some specific examples, but Plaintiffs had never committed to a complete list of specific actions as applied to specific articles.  (Dunnegan Dec. Ex C. at 5)

> *    *    *    *    *

> 21.   <u>The second case-specific disclosure that warrants special mention is Plaintiffs' recent release of over a dozen contracts that Plaintiffs either signed with the United States Patent Office</u> or received as proposals from the United States Patent Office. These documents were produced by Plaintiffs starting on January 29, 2013 and continuing through March 13, 2013; and they are arguably the most important documents I have read in preparing this Report."  (Dunnegan Dec. Ex C. at 6)   (Emphasis added.)

**Schwegman is nevertheless attempting to blame its failure to comply with the December 15, 2012, deadline upon events that occurred <u>after</u> the December 15, 2012, deadline.**  If Schwegman intended to use Mr. Lichtman as an affirmative expert, Schwegman should have presented his report by December 15, 2012, and stated that he would supplement the report as additional information

became available.   If Schwegman was not prepared to proceed with expert disclosure concerning Mr. Lichtman as a result of claimed actions or inactions of the Publishers, Schwegman should have moved for an extension of time under Fed. R. Civ. P. 6(b)(1)(A) before the deadline passed.

It was not until December 21, 2012, however, that Schwegman disclosed the extent of its unauthorized copying in its supplemental responses to interrogatories. (Dunnegan Dec. Ex. D)   The Publishers could not have told Schwegman on December 15, 2012, what infringing copies Schwegman made because Schwegman did not disclose to the Publishers until December 21, 2012, what copies Schwegman made.   Similarly, Schwegman did not serve a document request specifically seeking the Publishers' license agreements with The Patent and Trademark Office ("PTO").   Schwegman did not even make informal requests for those documents until after the depositions began in 2013.

Accordingly, Schwegman's explanations for failing to meet the December 15, 2012, deadline do not explain Schwegman's failure to meet that deadline for serving the Lichtman report.   Those explanations are simply *post hoc* justifications for a delay resulting from Schwegman's inability to identify a viable defense.

The Publishers proceeded in reliance on the December 15, 2012, deadline and stopped looking for affirmative experts after that date.   Allowing Schwegman

to spend an additional 3 months searching for an affirmative expert would place the Publishers at an unfair disadvantage.

## II.

**BECAUSE SCHWEGMAN FAILED TO PRODUCE INVISAGE FOR DEPOSITION IN COMPLIANCE WITH THE MARCH 5, 2013, ORDER, THE COURT SHOULD PRECLUDE SCHWEGMAN FROM OFFERING EVIDENCE AT TRIAL CONCERNING THE TOPICS ON WHICH INVISAGE SHOULD HAVE TESTIFIED.**

1.    The Publishers Have Sought The Rule 30(b)(6)
       Deposition Of InVisage Since November 2012.

Schwegman has identified the University of Toronto as the initial source of at least 10 of the copyrighted articles that Schwegman filed in support of patent applications for its client, InVisage. The Publishers learned that Edward Sargent is both a Professor at the University of Toronto and a principal of InVisage. Schwegman apparently intends to rely upon these facts involving InVisage in support of some defense.

As set forth in the Publishers' motion concerning the deposition of InVisage filed February 22, 2013, the Publishers have sought the Rule 30(b)(6) deposition of InVisage since November 2012 to attempt to get to the bottom of these facts. (Dkt. 103) A copy of the last notice of Rule 30(b)(6) deposition is annexed as Exhibit E to the Dunnegan Declaration.

2.     The Court Ordered Schwegman To Ensure Mr. Sargent's
       Production As The Rule 30(b)(6) Representative For InVisage.

On March 5, 2013, the Court ordered Schwegman to ensure the production

of Mr. Sargent, as the Rule 30(b)(6) representative of InVisage, for a deposition on

or before March 20, 2013.  The Court's order stated in relevant part:

> "Plaintiffs' request to prohibit Defendants and Intervenor Defendant from
> relying on evidence that third party InVisage had a license for the articles at
> issue is **DENIED, provided that counsel for Defendants, who are
> representing InVisage for purposes of its third-party involvement in this
> case, shall ensure that InVisage's representative, Mr. Sergeant, is
> available for a deposition within the next 14 days**."

(Dkt No. 132; emphasis added)

3.     Schwegman Confirmed Mr. Sargent Would
       Testify As The Rule 30(b)(6) Representative Of InVisage.

On March 12, 2013, attorneys for Schwegman confirmed by e-mail, a copy

of which is annexed as Exhibit F to the Dunnegan Declaration, that (i) Mr. Sargent

would be available for the "deposition on behalf of InVisage" in Toronto on March

19, 2013, at 4:30 p.m. EST, and (ii) Cooley LLP ("Cooley") would be representing

Mr. Sargent and InVisage.   Schwegman copied the attorneys from Cooley,

including Shannon Eagan, Esq.  The Publishers agreed to the proposed time and

date, and issued an additional notice of deposition that added a Rule 30(b)(1)

deposition of Mr. Sargent.

At no point prior to the deposition on March 19, 2013, did the Cooley attorneys, or anyone else, indicate that Mr. Sargent would no longer be testifying as the Rule 30(b)(6) representative of InVisage.

4.   <u>Schwegman Failed To Comply With The Court's March 5, 2013, Order.</u>

Schwegman failed to comply with the Court's March 5, 2013, order because Mr. Sargent was not prepared to testify regarding the Rule 30(b)(6) topics. A copy of the transcript is annexed as Exhibit G to the Dunnegan Declaration. Indeed, Mr. Sargent could not answer even the most basic questions concerning the Rule 30(b)(6) topics. (Dunnegan Dec. Ex G) Mr. Sargent even admitted that he had no knowledge and had made "no investigation" regarding four of the Rule 30(b)(6) topics (Dunnegan Dec. Ex. G at 25:23-29:9; 38:9-39:12; 40:25-42:7). Mr. Sargent's attorney for the deposition, Ms. Eagan, confirmed she did not consider the deposition to be a Rule 30(b)(6) deposition, and, presumably, had not prepared him. (Dunnegan Dec. Ex. G at 39:13-40:21) **While counsel for the Publishers objected to Mr. Sargent's lack of preparation, Schwegman's attorneys remained silent.**

Ms. Eagan ended Mr. Sargent's deposition after approximately one hour of testimony because Mr. Sargent had planned to leave after one hour, but offered to produce Mr. Sargent on a future date to be determined. (Dunnegan Dec. Ex. G at 42:5-18) However, by e-mail on March 21, 2013, a copy of which is annexed as

Exhibit H to the Dunnegan Dec., Ms. Eagan announced that InVisage would no longer be producing Mr. Sargent, and that they considered the deposition "closed." **Again, Schwegman's attorneys remained silent, and accordingly failed to comply with the March 5, 2013 order.**

4.      The Appropriate Sanction To Level The Playing Field Is To
        Preclude Schwegman From Offering Any Evidence Within The
        Scope Of The Topics On Which The Court Ordered InVisage To Testify.

Failing to preclude Schwegman from offering any evidence that was within the scope of the Rule 30(b)(6) deposition topics is necessary to ensure that Schwegman does not unfairly benefit from the failure of InVisage to testify concerning facts within its control. As set forth in their prior motion for this relief (Dkt. 103), the Publishers have diligently sought the deposition testimony of InVisage since November of 2012. The Publishers seek to learn the facts concerning how InVisage and Mr. Sargent obtained copies of the articles that are the subject of this case, if at all. While they could guess as to the facts, the Publishers do not want to guess. The Publishers believe that the Rule 30(b)(6) testimony of InVisage will help their case.

Schwegman nevertheless stonewalled his deposition for four months. More importantly, after the Court ordered the deposition on March 5, 2013, and after Mr. Sargent began testifying on March 19, 2013, it became apparent that Schwegman and its attorneys had not done anything to prepare InVisage to testify at the Rule

8

30(b)(6) deposition.   (Dunnegan Dec. Ex. G at 25:29:9, 38:9-3912, 40:25-42:7)

Based upon Schwegman's failure to comply with the March 5, 2013, order, a second order compelling a deposition would most likely be as fruitless as the first. The only complete remedy available to ensure that Schwegman does not benefit from suppressing that testimony of InVisage is to preclude any evidence on a topic on which InVisage could provide relevant evidence.   Absent the order the Publishers seek, Schwegman will have succeeded in avoiding its obligations under the Federal Rules and the March 5, 2013 order and probably succeeded in  unfairly skewing the evidence at trial to its benefit.

Conclusion

For the reasons set forth above, the Publishers respectfully request that the Court grant their motion to strike the expert report of Douglas Lichtman dated March 22, 2013, and preclude Schwegman from offering any evidence at trial within the scope of the topics set forth in the Rule 30(b)(6) deposition of InVisage.

Dated:  April 9, 2013

MANTY & ASSOCIATES, P.A.

By: /e/ Timothy J. Pramas
Timothy J. Pramas (#240321)
510 First Avenue North, Suite 305
Minneapolis, MN 55403
(612) 340-7950

9

-and-

DUNNEGAN & SCILEPPI LLC

By: /e/William Dunnegan
William Dunnegan (*pro hac vice*)
Laura Scileppi (*pro hac vice*)
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

Attorneys for the Plaintiffs