UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| American Institute of Physics, John Wiley & Sons, Inc., and Wiley Periodicals, Inc., | Civ. No. 12-528 (RHK/JJK) |
| Plaintiffs, | |
| v. | |
| Schwegman Lundberg & Woessner, P.A., and John Doe Nos. 1-10, | **ORDER** |
| Defendants, | |
| v. | |
| The United States Patent and Trademark Office, | |
| Intervenor Defendant. | |

William I. Dunnegan, Esq., and Laura Scillepi, Esq., Dunnegan & Scileppi LLC; Michelle Kreidler Dove, Esq., Bassford Remele; and Timothy J. Pramas, Esq., Manty & Associates, PA, counsel for Plaintiffs.

Devan V. Padmanabhan, Esq., Paul J. Robbennolt, Esq., and Sri K. Sankaran, Esq., Winthrop & Weinstine, PA; and Robert W. Clarida, Esq., Reitler Kailas & Rosenblatt LLC, Esq., counsel for Defendants.

Benjamin T. Hickman, Esq., Erika R. Mozangue, Esq., and Friedrich A.P. Siekert, Esq., Assistant United States Attorneys, counsel for Intervenor Defendant.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court on a Motion for Costs and Attorneys Fees (Doc. No. 259), under 17 U.S.C. § 505, brought by Defendant Schwegman Lundberg & Woessner, P.A. ("Schwegman"). The Court held a hearing on the motion on November 25, 2013. For the reasons that follow, the Court denies Schwegman's motion for attorney fees.

## BACKGROUND

The Court described in detail the facts of this case in its July 30, 2013 Report and Recommendation on the parties' motions for summary judgment and various motions to exclude the testimony and reports of expert witnesses. (Doc. No. 250.) In short, the Plaintiffs in this case, American Institute of Physics, John Wiley & Sons, Inc., and Wiley Periodicals, Inc. (collectively the "Publishers"), publish and distribute scientific journals in a variety of disciplines. The Publishers contend that they obtain copyright protection for not only those journals, but also for the individual articles in each publication. Schwegman is a patent law firm that specializes in helping its clients obtain patent rights from the United States Patent and Trademark Office ("USPTO") and from foreign patent offices. In its practice as a patent prosecution law firm, Schwegman's attorneys must review and submit scientific literature relevant to the patent applications they are preparing and submitting on their clients' behalf. In that practice, Schwegman used eighteen specific journal articles (the "Articles") that the Publishers claimed

were obtained and used without a valid license, thereby constituting copyright infringement.

In the Report and Recommendation, the Court concluded that Schwegman was entitled to summary judgment because there were no genuine issues of material fact at play and it was entitled to judgment as a matter of law on its fair use defense. Now, having prevailed at summary judgment, Schwegman asks the Court to order the Publishers to pay its costs and attorney's fees under 17 U.S.C. § 505.

## DISCUSSION

### I.   Legal Standard

"Under the American rule, each party generally pays [its] own attorney fees unless express statutory authorization exists to the contrary." *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 122 (8th Cir. 1987). Under the Copyright Act, that statutory authorization exists; the statute permits the Court to award reasonable costs, including attorney's fees to the prevailing party in a copyright action. 17 U.S.C. § 505. Specifically, the Act provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs. *Id.* As the statute plainly states, the decision to award attorney's fees is in the sound discretion of the trial court. *Mary Ellen Enters. v. Camex, Inc.*, 68 F.3d 1065, 1072 (8th Cir. 1995). Where, as here, a defendant has prevailed on summary judgment, it is not automatically

3

entitled to receive an award of fees under 17 U.S.C. § 505.  *See Chivalry Film Prods. v. NBC Universal, Inc.*, Civ. No. 05-5627 (GEL), 2007 WL 4190793, at *2 (S.D.N.Y. Nov. 27, 2007).

Rather, in determining whether attorney's fees should be awarded to the prevailing party, the Court may consider factors such as "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'"  *Mary Ellen Enters. v. Camex, Inc.*, 68 F.3d 1065, 1072 (8th Cir. 1995) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994)).  These factors "may be used to guide the courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act[,]" *Fogerty*, 510 U.S. at 535 n.19, which is "'to promote the Progress of Science and useful Arts.'"  *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 349 (1991) (quoting U.S. Const., Art. I, § 8, cl. 8).  Section 505 furthers the purpose of the Copyright Act by encouraging the litigation of meritorious copyright claims and defenses.  *See Fogerty*, 510 U.S. at 517 (noting that "[b]ecause copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible").  "Bad faith or willfulness is not a prerequisite to an award of attorneys' fees."  *Mary Ellen Enters. v. Camex, Inc.*, 68 F.3d 1065, 1072 (8th Cir. 1995).

## II.     Analysis

Schwegman does not contend that the Publishers' copyright claims were frivolous, which are claims that "lack[] any plausible merit . . . either in law or in fact." *Warren Publishing Co. v. Spurlock*, Civ. No. 08-3399, 2010 WL 760311, at *4 (E.D. Pa. Mar. 3, 2010) (citations and quotations omitted). Instead Schwegman argues that the Publishers' claims and their conduct in this litigation were objectively unreasonable. "[O]bjective reasonableness is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted [because] the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Matthew Bender & Co. v. West Publishing Co.*, 240 F.3d 116, 121–22 (2d Cir. 2001).

The Court concludes that the Publishers were not objectively unreasonable in bringing this case and that the imposition of a fee award in this case will not promote the purposes of the Copyright Act. Although the Court ultimately ruled against the Publishers on the issue of fair use, the mere fact that a defendant has prevailed does not necessarily equate with an objectively unreasonable claim. Schwegman's primary argument is that existing fair-use case law concerning the purpose and character of the allegedly infringing use and that use's effect on the market made it obvious that the Publishers could not prevail over Schwegman's fair use defense. (Doc. No. 259, Schwegman's Mem. of Law in Supp. of Mot. for Costs and Attorneys Fees ("Schwegman's Fee Mem.") 15–20.) After the parties

engaged in significant discovery and devoted no small amount of paper to the various factors of the fair-use inquiry in their briefing, the Court ultimately concluded that the relevant case law could not permit a jury to rule in the Publishers' favor on the record presented.  *Cf. Authors Guild, Inc. v. Hathitrust*, No. 11CV6351 (HB), 2013 WL 603193, at *1 (S.D.N.Y. Feb. 15, 2013) (stating that both parties together, by advocating their respective positions on unsettled issues of law, "together . . . by their advocacy helped delineate the respective rights of creators and users").  But the Court's summary judgment ruling was by no means a foregone conclusion.  That conclusion followed a great deal of deliberation by the Court and attention to the legal issues and the specific facts in the record, and it required the preparation of a Report and Recommendation to the District Court of more than fifty pages.  Like the court in *Healthcare Advocates, Inc. v. Harding*, Civ. No. 05-3524, 2007 WL 4016, at *1 (E.D. Pa. Sept. 10, 2007),

> this Court had to thoroughly analyze the underlying facts and legal issues before coming to a decision. The lengthy . . . Memorandum and Order granting the Harding firm's Motion for Summary Judgment and denying Healthcare Advocates' Motion for Partial Summary Judgment is evidence of the non-frivolous nature of this claim . . . . Therefore, this Court cannot deem Healthcare Advocates' copyright infringement claim frivolous or objectively unreasonable because Healthcare Advocates put forth a reasonable legal argument.

*Id.*  The same is true here.

The Publishers had a colorable basis for bringing their claims asserting that the manner in which Schwegman obtained and used the Publishers' articles

constituted copyright infringement. This case is not like others that have been considered objectively unreasonable in copyright infringement cases this District. *See Bar-Meir v. North Am. Die Cast Ass'n*, 176 F. Supp. 2d 944, 947–50 (D. Minn. 2001) (finding a copyright infringement lawsuit objectively unreasonable where the plaintiff's claims of copying by a defendant were "wholly without merit" where there was no evidence of verbatim reproduction or close paraphrasing, where it was undisputed that the defendant had not incorporated a portion of the plaintiff's book into its own materials, and where the defendant was not responsible for displaying and distributing the allegedly infringing items). Rather, this case is like those where the courts in this District have denied requests for costs and fees because the litigation involved colorable claims. *Thomsen v. Famous Dave's of Am., Inc.*, Civ. No. 07-1989 (DWF/RLE), 2009 WL 1514515, at *4 (D. Minn. June 1, 2009) ("While the Court ultimately disagreed with Thomsen's interpretation of the Agreement, the Court does not find that Thomsen's copyright claims are frivolous or that they were brought via improper motive.").

Schwegman also questions the Publishers' motivation for bringing this suit, asserting that the Publishers waited for several years to bring this suit while patent law firms were using technical journal articles in patent applications, which, Schwegman says, demonstrates that the Publishers could not have objectively believed their claims were reasonable and instead were simply trying to generate a "new revenue stream." (Schwegman's Fee Mem. 2, 14–15.) In at least one sense, all litigation to enforce intellectual property rights amounts to an

attempt to generate a new revenue stream. A party believing it has viable intellectual property rights in a copyright or a patent and that it is losing the value of those rights as the result of another's use is inevitably trying to generate revenue by obtaining an award of damages and a favorable court ruling that it can use to deter other potential infringers. But that does not make a lawsuit brought to generate revenue for colorable violations of copyright law objectively unreasonable. In addition, Schwegman makes no showing concerning how a delay in bringing suit impacts the Court's exercise of its equitable discretion under 17 U.S.C. § 505.

Similarly focusing on the Publishers' alleged motivation for bringing suit, Schwegman suggests that the Publishers brought this suit to "intimidate[e] patent lawyers into taking unnecessary copyright licenses." (Schwegman's Fee Mem. 23.) Schwegman has failed to show that the Publishers had no basis on which to believe that Schwegman was infringing the Publishers' copyrights and brought this suit merely to harass a patent prosecution firm and extort a settlement.

Schwegman further asserts that the Publishers litigated this case in an objectively unreasonable manner, pointing to the Publishers' unwillingness to consent to a bifurcation of the case, their position with respect to various discovery issues, and their filing of several discovery motions. (Schwegman's Fee Mem. 20–21.) The Publishers had no obligation to consent to bifurcation of the issues in this case, and Schwegman's motion to bifurcate discovery and the trial was denied. (Doc. No. 64.) We can hardly sanction the Publishers today for

the consequences of their failure to agree to bifurcation when the Court itself did not agree with Schwegman that the case should be chopped up into separate tracks.  Similarly, the time for Schwegman to ask for an award of fees and costs relating to discovery issues ended when the deadline for filing non-dispositive motions expired.  The central purpose of the Copyright Act's fee shifting provision is not to deter a litigant who has an objectively reasonable basis for bringing suit from litigating it forcefully.  It would not serve the purposes of compensation and deterrence to require a plaintiff with an objectively reasonable claim, but who ultimately fails to prevail, to reimburse a prevailing defendant for the costs of vigorous advocacy.

For all the foregoing reasons, Schwegman's Motion for Costs and Attorneys Fees (Doc. No. 259), is **DENIED**.

Date: December 3, 2013

                                             *s/ Jeffrey J. Keyes*
                                             JEFFREY J. KEYES
                                             United States Magistrate Judge